PER CURIAM.
This disciplinary proceeding is before the Court for consideration of the report of the referee. The referee’s report is uncontested.
The referee made findings on two counts of alleged misconduct. On count one, the referee found that the respondent, Laurence J. Pino, in the context of an attorney-client relationship, received a total of $22,-600 from a client for investment purposes. Respondent had formed two corporations and invested the client’s funds in them. The client received stock certificates for 150 shares of stock in one corporation for a total investment of $15,000. However, respondent disbursed only $7,000 from his trust account to the corporation, and expended the remaining $8,000 in the operation of a second corporation. Also invested in the second corporation was the $7,600 remaining from the $22,600 referred to above, for which the client received seventy-six shares valued at $100 per share. Although the client received stock certificates showing ownership of shares valued at an amount equal to the amount of funds invested, the funds were not actually invested in the corporations in the same proportions. The referee concluded that this was misuse of respondent’s trust account and recommended that respondent be found guilty of violating the former Integration Rule of The Florida Bar, article XI, rule 11.02(4). The referee also recommended that respondent be found guilty of violating the former Code of Professional Responsibility, Disciplinary Rules 1-102(A)(6) (conduct adversely reflecting on fitness to practice law), 5-104(A) (business transactions with client where interests differ and professional judgment is expected), and 9-102(B)(4) (failure to promptly deliver funds to which a client is entitled).
On count two the referee found that respondent organized a corporation and received investment funds from numerous investors. Certain investors were allowed to purchase shares by executing promissory notes to the corporation while others invested cash. When the corporation was liquidated, its assets were distributed in a manner that reflected, in the referee’s words, “preferential treatment.” The referee also found that the respondent failed to properly account to the cash investors for the disposition of their funds and dealt favorably with himself and certain investors to the detriment of others. The referee recommended that respondent be found guilty of violating Disciplinary Rules 1-102(A)(6), 5-104(A) and 9-102(B)(3) (failure to maintain complete records of client funds).
The referee’s findings were based almost entirely upon the documentary evidence and the respondent’s admissions; adverse witnesses agreed there was no criminal or willful misconduct on the respondent’s part. Given these circumstances, the referee recommended that respondent be given a public reprimand. We approve the referee’s report. We reprimand attorney Laurence J. Pino.
The costs of this proceeding are taxed against the respondent. Judgment for costs in the amount of $1,852.52 is entered against Laurence J. Pino, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.